LEONARD W. MACK *vs.* THOMAS LEE.

A., dealing in liquors in New York, sued B., a liquor dealer in Woonsocket in Rhode Island, for the price of liquors delivered to B. in New York, B. paying the freight to Woonsocket.

*Held,* affirming *Schlesinger & Blumenthal* v. *Stratton,* 9 R. I. 578, that the sale was consummated in New York.

*Held,* further, that the action was not prohibited by Pub. Laws R. I. cap. 508, of June 25, 1875, and could be maintained.

Evidence was adduced to show that the sale was the result of an order solicited in Woonsocket by A.'s agent.

*Held,* that this was immaterial, for the order, if given for a sale in New York, was not violative of cap. 508, and, if given for a sale in Rhode Island, remained ineffective.

EXCEPTIONS to the Court of Common Pleas.

*April* 2, 1881. DURFEE, C. J. This is *assumpsit* to recover $312.50 for five barrels of whiskey sold by the plaintiff, a trader in New York, to the defendant, a retail dealer in Woonsocket, in this State. The sale was made in pursuance of an order addressed by the defendant to the plaintiff in New York for the whiskey to be sent to the defendant by the Stonington Line on three months' credit. The whiskey was delivered in New York for transportation by the Stonington Line to the defendant in Woonsocket, he paying the freight. It appeared, on cross-examination of the plaintiff's witnesses, that the order for the whiskey was obtained by one Levy, a travelling agent for the plaintiff, who visited the defendant at his place of business in Woonsocket, having samples of liquors with him, and there solicited the order. There was also some evidence that Levy offered to sell the whiskey to the defendant, at Woonsocket, though the plaintiff and Levy also testified that Levy had no authority to negotiate sales for the plaintiff, but only to obtain orders, which the defendant would fill or not, according to his own judgment. After the introduction of the plaintiff's testimony, the defendant moved that the plaintiff be nonsuited, on the ground that an offer in Rhode Island to sell the whiskey was in violation of Pub. Laws R. I. cap. 508, § 18, of June 25, 1875, and that therefore under § 44 of this chapter the plaintiff could not recover. The Court granted the motion. The plaintiff excepted and petitions for a new trial for error in the ruling.

We think the Court erred. The sale was consummated in New York when the plaintiff delivered the whiskey there to the Stonington Line in execution of the defendant's order. *Schlesinger & Blumenthal* v. *Stratton*, 9 R. I. 578. The sale therefore, independently of Levy's offer, if he made any offer, was clearly valid. In what way did Levy's offer, if he made any offer, make it invalid? If the offer was an offer to sell in New York, it was not a violation of cap. 508, § 18, for § 18 only prohibits an offer to sell by sample or otherwise when it is an offer to sell " in violation of the preceding sections; " *i. e.* when it is an offer to sell in Rhode Island. But if the offer was an offer to sell in Rhode Island, then the offer was neither accepted by the defendant nor carried out by the plaintiff, for the order given by the defendant and executed by the plaintiff was an order for whiskey to be sold and delivered in New York, and we do not see, therefore, how the offer, though in itself it may have been criminal, can be held to have infected the sale with criminality or to have prejudiced the plaintiff's right to recover on it.                    *Exceptions sustained.*